BIRKMEYER, EXRX., APPELLEE, *v.* GINOCCHIO, ADMR., APPELLANT.

(No. 9378—Decided December 2, 1963.)

*Mr. John A. Scanlon*, for appellee.
*Mr. Charles B. Ginocchio*, for appellant.

Hover, P. J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas affirming a judgment of the Probate Court determining the ownership of certain assets of William J. Kuhlman, deceased.  Both courts below determined that bonds of the United States of America, made payable to William J. Kuhlman *or* Bertha Kuhlman (who were brother and sister), were payable to the estate of Bertha Kuhlman, deceased, and that money due from an insurance contract was payable to the estate of William J. Kuhlman.  Both parties appealed from the judgment below.  The pertinent facts are contained in an agreed statement of facts appearing as part of the transcript.

The judgment entry of the court below held correctly that the U. S. Series "E" bonds, upon the prior death of William J. Kuhlman, became the property of the co-owner thereof, that is, Bertha Kuhlman, by reason of the laws and regulations of the United States and are properly included in the assets of her estate.

The rights of the parties to the proceeds of the insurance policy are controlled, not by the policies themselves (which were merged into a supplemental agreement, exhibit "A"), nor by the laws of descent and distribution.  The ownership of the insurance money is determined solely by the supplemental agreement between William J. Kuhlman and the Union Central Life Insurance Company.  This agreement is simple and clear. It provides that, beginning August 1, 1960, the company will pay to William J. Kuhlman the monthly sum of $33.87 for a

guaranteed period of five years, with Bertha Kuhlman as a contingent payee in the event William Kuhlman does not survive the guaranteed payments. So far as the record indicates, William J. Kuhlman received payments up to the time of his death on January 9, 1962. The contingent payee died two days later. Under the supplemental agreement, the company was required to make a payment to William J. Kuhlman on January 1, 1962. The next payment was not due until February 1, 1962, at which time the contingent payee, Bertha Kuhlman, was not living.

The contract clearly requires the contingent payee to be living at the time provided for the payment of any or all remaining installments. She was not living at the time any payment was due and, consequently, under the contract was not entitled to receive either the installment payments or the commuted value thereof. The contract just as clearly provides that the present or commuted value of any guaranteed installments remaining unpaid shall be paid to the executors of the estate of the payee, that is, William J. Kuhlman.

Accordingly, there being no error at all, prejudicial or otherwise, in the proceedings and judgment in the court below, the same is hereby affirmed as to both appellants.

*Judgment affirmed.*

HILDEBRANT and LONG, JJ., concur.